**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


RAYMOND L. JAMES,

                    Petitioner,

v.                                                          CASE NO:  8:11-cv-1767-T-23-EAJ

STATE OF FLORIDA,

                    Respondent.

—————————————————————/

## **O R D E R**

**THIS CAUSE** comes before the court on a *pro se* petition for writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254 by Florida prisoner Raymond L. James

("James").  James challenges a judgment and sentence rendered in the Thirteenth Judicial

Circuit in Hillsborough County, Florida.  Respondent filed a response to the petition

along with the appendix record of James's state court proceedings.  (Dkts. 9, 10.)  James

did not file a reply to the response.  The Court, having carefully considered the parties'

submissions, finds that the petition is due to be denied.

## **Procedural History**

On June 24, 2004, James was charged by information with ten counts:  (1) grand

theft auto; (2) carrying a concealed firearm; (3) battery on a law enforcement officer;

(4) battery on a law enforcement officer; (5) obstructing or opposing an officer with

violence; (6) obstructing or opposing an officer with violence; (7) felony possession of a

controlled substance; (8) falsely identifying himself to a law enforcement officer;

(9) felon in possession of a firearm; and (10) possession of a firearm by a violent career

criminal.  (Dkt. 10, Ex. 1, Record on Direct Appeal, R14-18.)  A superseding information

was then filed on September 22, 2004, charging James in thirteen counts:  (1) grand theft

auto; (2) armed burglary of a conveyance; (3) battery on a law enforcement officer;

(4) battery on a law enforcement officer; (5) obstructing or opposing an officer with

violence; (6) obstructing or opposing an officer with violence; (7) felony possession of a

controlled substance; (8) falsely identifying himself to a law enforcement officer;

(9) felon in possession of a firearm; (10) possession of a firearm by a violent career

criminal; (11) possession of a firearm by a violent career criminal; (12) carrying a

concealed firearm; and (13) possession of a forearm during the commission of a felony.

(Id. at R28-34.)

On February 18, 2005, James's trial counsel filed a motion to suppress.  (Id. at

R42.)  The motion was denied after a hearing on August 15, 2005.  (Id. at R78, 179-181.)

On September 1, 2005, James pled no contest while reserving the right to appeal the

denial of the motion to suppress.  (Id. at R47-49.)  Count 11 of the information, one of the

possession of a firearm by a violent career criminal counts, was then nolle prossed.  (Id. at

R54.)  James filed a notice of appeal on September 26, 2005.  (Id. at 71.)  The assistant

public defender filed an initial brief on James's behalf on March 7, 2006.  (Dkt. 10,

Ex. 2.)  The State filed an answer brief.  (Id. at Ex. 3.)  The Second District Court of

Appeal issued its opinion affirming James's convictions and sentences on August 23,

2006.  (Id. at Ex. 4.)  See James v. State, 936 So.2d 738 (Fla. Dist. Ct. App. 2006).

On August 29, 2007, James filed a *pro se* motion for post-conviction relief,

pursuant to Florida Rule of Civil Procedure 3.850, with the trial court.  (Dkt. 10, Ex. 5,

R38-52.)  Therein, he raised the following five claims of ineffective assistance of counsel:

> 1.  Counsel misadvised Defendant to plead to a 15 year sentence where the maximum for the charged crimes was 15 years, therefore rendering Defendant's plea involuntary;
>
> 2.  Counsel failed to investigate and familiarize himself with the relevant facts of his client's case in regard to the possession of a firearm during the commission of a felony where firearm was found under car seat after Defendant pushed the officer and fled;
>
> 3.  Counsel failed to investigate and familiarize himself with the relevant facts of his client's case where there was no evidence to support allegation of carrying a concealed firearm since state would be unable to prove that Defendant had actual possession of or knowledge of firearm found under car seat after Defendant fled scene of the arrest;
>
> 4.  Counsel failed to investigate and familiarize himself with the relevant facts of his client's case in regard to the possession of a firearm by a convicted felon where the state would be unable to prove that Defendant had actual possession of or knowledge of the firearm that was found under the car seat after Defendant fled the scene of the arrest; and
>
> 5.  Counsel misadvised Defendant that he would receive a life sentence if he proceeded to trial based on an armed burglary charge that counsel knew would be nolle prossed prior to the acceptance of the offer.

(Id. at R44-51.)

The trial court summarily denied Claim 1 of the motion and ordered the State to

respond to the remaining grounds.  (Id. at R53-58.)  The court conducted an evidentiary

hearing on August 25, 2009, where James was represented an assistant public defender.

(Id. at R196-273.)  The trial court denied the remaining claims following the evidentiary

hearing on December 16, 2009.  (Id. at R66-72.)  James filed a notice of appeal on

January 8, 2010.  (Id. at R274.)  An assistant public defendant filed the initial brief on

James's behalf on August 6, 2010.  (Dkt. 10, Ex. 6.)  The issues on appeal were:

(1) whether the trial court erred in denying his amended motion for post-conviction relief

as untimely and (2) whether the trial court erred in denying Claims 2 through 4 of his

original motion for post-conviction relief.  (See id. at 11-20.)  The State filed an answer

brief. (Dkt. 10, Ex. 7.)  The Second District Court of Appeal  ultimately affirmed without

a written opinion on April 15, 2011.  (Dkt. 10, Ex. 8.)  The mandate issued on May 10,

2011.  (Dkt. 10, Ex. 9.)

James timely provided the instant federal petition to Wakulla Correctional

Institution for mailing on August 2, 2011.  His five grounds for relief are identical to the

five claims raised in the Rule 3.850 motion for post-conviction relief.

## Claims Exhaustion & Procedural Bar

There are two prerequisites to a federal habeas review:  (1) the applicant must have

fairly apprised the highest state court with the appropriate jurisdiction of the federal rights

allegedly violated, and (2) the applicant must have presented his claims in state court in a

procedurally correct manner.  Upshaw v. Singletary, 70 F.3d 576, 578-79 (11th Cir. 1995).

A petition for writ of habeas corpus should not be entertained unless the petitioner has

first exhausted his state remedies.  Castille v. Peoples, 489 U.S. 346, 349, reh'g denied,

490 U.S. 107 (1989); Rose v. Lundy, 455 U.S. 509 (1982).  Exhaustion is achieved by

giving the Florida courts an opportunity to consider the petitioner's legal theory of a

federal constitutional deficiency and the factual basis for that theory.  Picard v. Connor,

404 U.S. 270 (1971); Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).  James

raises five grounds in his federal habeas petition, all of which were raised in his 3.850

petition in the trial court.  However, James did not brief the issue in Ground Five in his

appeal of the trial court's denial of his post-conviction motion.  James claims, in Ground

Five, that counsel misadvised him that he would receive a life sentence if he proceeded to

trial based on an armed burglary charge that counsel knew would be nolle prossed prior to

the acceptance of the offer.  The claim was addressed by the trial court in the evidentiary

hearing on James's Rule 3.850 motion and then rejected.  Briefing was, therefore,

required in order for the issue to be heard on appeal.[1]  Duest v. Dugger, 555 So. 2d 849,

851-52 (Fla. 1990) ("The purpose of an appellate brief is to present arguments in support

of the points on appeal.  Merely making reference to arguments below without further

elucidation does not suffice to preserve issues, and these claims are deemed to have been

waived.").  Consequently, Ground Five was unexhausted and is now procedurally barred.

A petitioner can avoid the procedural bar by showing either cause and prejudice or

by establishing the kind of fundamental miscarriage of justice occasioned by a

constitutional violation that resulted in the conviction of a defendant who was actually

---

[1] The trial court summarily denied Ground One of James's Rule 3.850 motion without an evidentiary hearing; therefore, no briefing was required in order to appeal the issue.  Fla. R. App. P. 9.141(b)(2)(C).

innocent. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 478

(1986). James makes no showing to overcome the procedural bar of his claim in Ground

Five. The remainder of James's claims for relief were raised in the appeal of the denial of

his 3.850 motion and are exhausted, and they will be resolved on their merits.

## 28 U.S.C. § 2254

28 U.S.C. § 2254(a) explicitly requires a federal court to entertain an application

for writ of habeas corpus only on the ground that the petitioner is "in custody in violation

of the Constitution or laws or treaties of the United States." Federal courts may intervene

in the state judicial process only to correct wrongs of a constitutional dimension.

<u>Wainwright v. Goode</u>, 464 U.S. 78 (1983) (citing <u>Engle v. Isaac</u>, 457 U.S. 1141 (1982);

<u>Smith v. Phillips</u>, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was

not enacted to enforce state-created rights. <u>Cabberiza v. Moore</u>, 217 F.3d 1329, 1333

(11th Cir. 2000). Even when a petition which actually involves state law issues is

"couched in terms of equal protection and due process," this limitation on federal habeas

corpus review is of equal force. <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1196-98 (5th Cir.

1976).

## The AEDPA Standard

On April 24, 1996, the President signed into law the Antiterrorism and Effective

Death Penalty Act of 1996 ("the AEDPA"). Section 104 of the AEDPA amended 28

U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)). Rada filed his petition for writ of habeas corpus after the AEDPA's enactment and section 104 applies to his petition.

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. Cullen v. Pinholster, 131 S.Ct. 1388, 1398–1401 (2011). In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." Robinson, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by

clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  When measured against the

AEDPA standard, it is clear that James's petition is due to be denied.

### Merits Analysis of Claims

Each of James's claims alleges ineffective assistance of counsel.  A petitioner

claiming ineffective assistance of counsel must meet the two-part standard for counsel's

performance established by Strickland v. Washington, 466 U.S. 668 (1984).  To establish

a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that

counsel's performance was deficient and that the deficient performance prejudiced the

defense.  Id. at 687.  Deficient performance is performance which is objectively

unreasonable under prevailing professional norms.  Id. at 688.  Sound tactical decisions

within a range of reasonable professional competence are not vulnerable to collateral

attack.  See e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a

defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v.

Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981).  Prejudice

results when there is "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at

694.  The cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between.  Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (*en banc*) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.

1994)).

<u>Ground One</u>

This claim for relief was also presented as Claim 1 in James's Rule 3.850 motion.

The trial court summarily denied the claim finding as follows:

> In ground one of his Motion, Defendant alleges ineffective assistance of counsel for advising Defendant to plead to a fifteen(15) year sentence when that was the maximum sentence for the charged crimes.  Specifically, defendant alleges that, had counsel informed him that the maximum sentence that he could have received was fifteen (15) years, Defendant would have gone to trial.  Defendant claims that, based on counsel's misadvice, he entered a plea for the maximum penalty that he could have received, and that, had he known he was pleading to the maximum sentence he would not have entered that plea.  However, the Court notes that Defendant did not enter a plea to the maximum sentence he could receive.  On September 1, 2005, Defendant pled no contest to grand theft motor vehicle (count one), burglary of a conveyance (count two), battery on a law enforcement officer (count three), obstructing or opposing an officer (with violence) (count five), felon in possession of a firearm (count nine), carrying a concealed firearm (count twelve), and possession of a firearm during the commission of a felony (count thirteen).  (<u>See</u> Judgment and Sentence, attached).  As such, Defendant pled no contest to five felonies of the third degree (counts one, two, three, five, and twelve) and two felonies of the second degree (counts nine and thirteen).  (<u>See</u> Judgement and Sentence, attached).  The Court noted that the maximum penalty for felonies of the third degree is five (5) years, and for felonies of the second degree is fifteen (15) years.  <u>See</u> Fla. Stat §775.082 (c) and (d).  Therefore, pursuant to Florida Statutes 775.021(4), which gives the trial court discretion to sentence a defendant concurrently *or consecutively* for separate criminal offenses, Defendant was subject to a sentence in excess of fifteen (15) years if the Defendant had lost at trial, and the trial court had elected to run the sentences consecutively.  As such, Defendant's claim that counsel was ineffective for misadvising him as to the maximum sentence, and for allowing him to enter a plea to the maximum sentence he could receive if he had lost a trial is without merit.

(Dkt. 10, Ex. 5, R55-56.)

James fails to establish either deficiency in counsel's performance or prejudice

inasmuch as his claim arises from the erroneous belief that he pled no contest to the

maximum sentence for the charged crimes. Therefore, he fails to establish ineffective

assistance of trial counsel under <u>Strickland</u> and fails to establish that state court's

adjudication of this claim was contrary to clearly established federal law or that the state

court decision involved an unreasonable application of clearly established federal law.

Grounds Two, Three & Four

These three grounds for relief mirror those in Claims Two, Three, and Four of

James's Rule 3.850 motion for post-conviction relief. James asserts that his attorney

failed to investigate facts of the case relating to: (1) his alleged possession of a firearm

during the commission of a felony given that the firearm was found under the car seat

after James pushed the officer and fled the scene of the arrest; (2) the lack of evidence to

show that he carried a concealed firearm and had actual possession of, or knowledge of, a

firearm that was found under the car seat after he fled; and (3) the charge of possession of

a firearm by a convicted felon when the state would be unable to prove that he had actual

possession of, or knowledge of, a firearm that was found under the car seat after he fled.

The trial court denied the claims after the evidentiary hearing, finding as follows:

> After reviewing the allegations in grounds two, three, and four; the
> evidentiary hearing transcripts; court file; and record; the Court finds
> counsel's testimony credible and that counsel's performance was not
> deficient. The Court finds that counsel's testimony reflects that he did
> investigate the facts of the case, especially the facts surrounding the
> firearm. This was evidenced by the fact that counsel filed a request for
> discovery, took numerous depositions, and filed a motion to suppress the
> firearm. (See hearing Transcript, p. 30; Motion to Suppress, attached.) The
> Court finds that counsel adequately informed Defendant of the difference
> between actual possession and constructive possession, and that counsel
> believed that the State could prevail on the issue of possession. (See
> Hearing Transcript, pp. 38-39, attached.) The Court further finds that

counsel was not deficient for failing to have the firearm tested for fingerprints because, according to counsel, Defendant had socks on his hands so he would not leave fingerprints in the car.  (See Hearing Transcript, p. 49, attached.)  Logically, therefore, even if the gun was tested, it would most likely not have fingerprints on it because Defendant had socks on his hands.  The Court also finds that counsel apprised Defendant of the charges and the elements that the State needed to prove. (See Hearing Transcript, p. 69, attached.)  Therefore, Defendant warrants no relief on grounds two, three, and four of his Motion.

(Dkt. 10, Ex. 5, R69-70).

The record reveals that James's counsel testified at the evidentiary hearing that he had investigated the facts of the case and advised James regarding the charges involving possession of the firearm.  The trial court considered all of the evidence presented at the hearing and found James's counsel's testimony to be credible.  The court's findings are supported by competent substantial evidence.  Given his attorney's testimony at the evidentiary hearing, James fails to show that counsel's performance was deficient and, therefore, fails to establish ineffectiveness of counsel under Strickland.  Accordingly, the trial court did not err in denying post-conviction relief.  James is not entitled to relief in this case because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### Ground Five

This issue was also presented as Claim Five in James's Rule 3.850 motion, but as the Court discussed earlier, it was never raised in the collateral appeal and it is now

procedurally barred.  However, the claim would fare no better under a merits analysis.

James cannot establish deficient performance by counsel and resulting prejudice.

The trial court denied the claim after the evidentiary hearing as follows:

> At the evidentiary hearing, counsel testified that he wasn't sure if the State made an offer the evening before the start of the trial, or the day of the trial, but recalled that the offer came at the "eleventh hour."  (See Hearing Transcript, p. 66, attached.)  Counsel further testified that, as part of the offer, the State agreed to nolle prosse several of the charges.  (See Hearing Transcript, pp. 64-66, attached.)  Counsel also testified that, until the State made the offer, it was his belief that the State intended to prosecute Defendant on all of the charges included in the information.  (See Hearing Transcript, p. 39, attached.)  Counsel testified that one of the charges Defendant was charged with was Armed Burglary of a Conveyance and that it carried a possible life sentence.  (See Hearing Transcript, p. 35, attached.)
>
> As mentioned above, the Court notes that "[i]n reviewing counsel's performance, the reviewing court must be highly deferential to counsel, and in assessing the performance, every effort must 'be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Ferrell v. State, 918 So.2d 163, 170 (quoting Strickland, 466 U.S. at 689).  The Court finds counsel's testimony credible and finds that his performance was not deficient.  The Court notes that the crime of Armed Burglary of a conveyance is a felony of the first degree and is punishable by life imprisonment.  Fla. Stat. §810.02(2)(b).  As a result, the Court finds that counsel did not err when he advised Defendant that he faced life imprisonment if he lost at trial.  Furthermore, the Court finds that, based on counsel's testimony, counsel did not know that the State was going to nolle prosse some of the charges prior to extending the plea offer.  (See Hearing Transcript, p. 39, attached.)

(Dkt. 10, Ex. 5, R71-2.)

Once again, the trial court considered all of the evidence presented at the hearing

and found James's counsel's testimony to be credible.  James's charge of Armed Burglary

of a Conveyance carried a possible life sentence and counsel believed that the state

intended to prosecute James on all of the charges in the information.  The trial court found that counsel's was not deficient for advising James that he would receive a life sentence if he proceeded to trial based on an armed burglary charge.  James is not entitled to relief on his claim because he cannot show that the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## CONCLUSION

1.  The petition for writ of habeas corpus is denied.  The Clerk is directed to enter judgment in favor of Respondent and close this case.

2.  The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Nor will this Court authorize Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

ORDERED in Tampa, Florida, on August 24, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE